1 **DARRELL D. DENNIS, ESQ.**
Nevada Bar No. 006618
2 **JASON G. REVZIN, ESQ.**
Nevada Bar No. 008629
3 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Blvd., Suite 600
4 Las Vegas, Nevada 89118
5 Telephone: (702) 893-3383
Facsimile: (702) 893-3789
6 **COUNSEL FOR DEFENDANT TRANS UNION LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDER R. BAUTISTA;<br><br>Plaintiff,<br><br>v.<br><br>QUANTUM COLLECTIONS;<br>BAYVIEW LOAN SERVICING, LLC;<br>BANK OF AMERICA, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC,<br><br>Defendants. | Case No. 2:16-cv-01080-JCM-GWF |

**AGREED PROTECTIVE ORDER**

Pending before the Court is the Parties' Stipulated Protective Order. After consideration, the Court finds that it should be GRANTED. It is therefore, ORDERED that the parties herein comply with the provisions of this Order set forth below.

Alexander R. Bautista has filed this lawsuit (the "Litigation") against Defendants Quantum Collections, Bayview Loan Servicing, LLC, Bank of America, National Association, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC ("Defendants") (collectively referred to as the "Parties"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et*

*seq.* and that Defendants defamed Plaintiff. In connection with the Litigation, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff (herein after collectively referred to as the "Confidential Information").

As a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

Any party or non-party producing or filing documents shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order. At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information." Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the

Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (45) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (i) the parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose

them to any person other than those described above and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

In the event the Parties intend to file Confidential Information with the Court, they shall file it under seal pursuant to the requirements of Court for filing documents under seal.

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. In the event such a dispute cannot be resolved by agreement, the objecting party may file the appropriate motion(s) with the Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential"subject to the provisions of this Protective Order. .

This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," [or "Confidential—Attorneys' Eyes Only"] nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information

under the terms of this Order. This provision does not limit the right of any of the Parties to submit any Confidential Information to the Court under seal as described above.

Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing Plaintiff and Trans Union with written notice that they intend to comply with and be bound by the terms of this Protective Order.

Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information produced.

Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

SO ORDERED.

SIGNED this __27th__ day of __September__, 2016.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

AGREED:

   /s/ David H. Krieger                              /s/ Darren T. Breener
**DAVID H. KRIEGER**                      **DARREN T. BRENNER**
COUNSEL FOR PLAINTIFF               COUNSEL FOR DEFENDANT
ALEXANDER R. BAUTISTA            BANK OF AMERICA, NATIONAL ASSOCIATION
**HAINES & KRIEGER, LLC**            **AKERMAN LLP**
8985 S. Eastern Avenue, Suite 350     1160 Town Center Drive, Suite 330
Henderson, NV 89123                    Las Vegas, NV 89144
Telephone: (702) 880-5554          Telephone: (702) 634-5000
Facsimile:  (702) 383-5518           Facsimile:  (702) 380-8572
dkrieger@hainesandkrieger.com       darren.brenner@akerman.com

   /s/ Jason G. Revzin                               /s/ Andrew A. Bao
**JASON REVZIN**                             **ANDREW A. BAO**
COUNSEL FOR DEFENDANT           COUNSEL FOR DEFENDANT
TRANS UNION LLC                       BAYVIEW LOAN SERVICING, LLC
**LEWIS BRISBOIS BISGAARD & SMITH LLP**  Wolfe & Wyman LLP
6385 S. Rainbow Blvd., Suite 600      6757 Spencer Street
Las Vegas, NV 89118                    Las Vegas, NV 89119
Telephone: (702) 893-3383          Telephone: (702) 476-0100
Facsimile:  (702) 893-3789           Facsimile:  (702) 476-0101
jason.revzin@lewisbrisbois.com        aabao@wolfewyman.com

   /s/ Jennifer I. Braster
**JENNIFER I. BRASTER**
COUNSEL FOR DEFENDANT
EXPERIAN INFORMATION SOLUTIONS, INC.
**MAUPIN NAYLOR BRASTER**
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
jbraster@naylorandbrasterlaw.com